**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SOFRAN MARBELLA, LTD., a Florida limited
partnership,

        Plaintiff,

vs.                                              Case No. 3:10-cv-135-J-32JRK

AMERICAN CASUALTY COMPANY OF
READING, PENNSYLVANIA, a Pennsylvania
corporation; SEMINOLE GLASS COMPANY,
INC., a Florida corporation; FOLEY
CONDOMINIUM CONSTRUCTORS, LLC n/k/a
FOLEY CONTRACTING AND CONDOMINIUM
CONSTRUCTORS, LLC, a Florida limited
liability company; CRUM & FORESTER
SPECIALTY INSURANCE COMPANY, a
foreign corporation; FIDELITY AND
GUARANTY INSURANCE COMPANY, a
foreign corporation; and WILSHIRE
INSURANCE COMPANY, a foreign corporation,

        Defendants.

## **ORDER**

This case was removed to this Court based on an alleged fraudulent joinder of non-diverse defendants, and the plaintiff has moved to remand the case to state court. Remand is appropriate because the removing party has not established that the plaintiff has no cause of action against a non-diverse defendant or that the non-diverse defendant was fraudulently misjoined.

**I. Factual Background:**

Plaintiff, Sofran Marbella, Ltd. (Sofran), a Florida corporation, alleges the following facts. Sofran is the developer of the Marbella Luxury Condominium project in Jacksonville Beach, Florida (the Project). In March of 2003, Sofran entered into an agreement with Foley Condominium Constructors, LLC (Foley), a Florida limited liability company, and American Casualty Company of Reading, Pennsylvania (ACC), a Pennsylvania corporation, for the construction and completion of the Project; Foley was the general contractor and ACC was the surety for Foley on the Project. (Doc. 2 Ex. A.) Foley then retained Seminole Glass Company, Inc. (Seminole), a Florida corporation, to provide materials and services for the Project. (Doc. 2 ¶ 12.) However, Foley retained Seminole without requiring Seminole to secure a payment and performance bond—this was in contravention of Foley's contract with Sofran. (Doc. 2 ¶ 12.) In May of 2004 Foley abandoned the Project and a new general contractor was retained. (Doc. 2 ¶ 13.) The Project was completed on or about March 2007. (Doc. 2 ¶ 18.) However, due to construction defects in the windows and sliding glass doors installed by Seminole, the owners of the Project suffered water damage to their property, as did owners of individual units at the condominium. (Doc. ¶¶ 19-20.)

The Marbella Owners Association, Inc. (Owners) demanded Sofran fix the defects. (Doc. 2 ¶ 22.) Sofran demanded Seminole remedy the problem; Seminole refused. (Doc. 2 ¶ 23.) Sofran then agreed to fund repairs to meet the demands of Owners, and is now pursuing this litigation to recover its losses.

Other parties to this litigation are: Fidelity and Guaranty Insurance Company (Fidelity), a foreign corporation, which is a commercial general liability (CGL) carrier for Seminole;

Wilshire Insurance Company (Wishire), a foreign corporation, which is also a CGL carrier for Seminole; and Crum & Forester Specialty Insurance Company (Crum & Forester), a foreign corporation, which is a CGL carrier for Foley.

## II. Procedural Posture:

### A. State Court:

Sofran first filed suit on February 18, 2009 in the Circuit Court, Fourth Judicial Circuit in and for Duval County, Florida against Seminole based on the negligent installation of the windows and doors.[1] (Doc. 12 at 1-2.) Seminole failed to respond to the summons and on June 29, 2009, Sofran secured a default judgment against Seminole. (Doc. 1 at ¶ 6.) Subsequently, in the Second Amended Complaint filed January 8, 2010, the plaintiff joined as defendants: ACC, Seminole, Foley, Crum & Forester, Fidelity, and Wilshire.

### B. Federal Court:

After the filing of the Second Amended Complaint, Fidelity removed the case to this Court, pursuant to 28 U.S.C. §§ 1332 and 1441, on the basis that Seminole and Foley, the two Florida corporations, were fraudulently joined as defendants and complete diversity otherwise existed. (Doc. 1 at ¶¶ 6-7.) Sofran now moves to remand the case to state court. (Doc. 12.) This case is before the Court on Defendant Fidelity and Guaranty Insurance Company's Notice of Removal (Doc. 1), plaintiff's Second Amended Complaint (Doc. 2), Plaintiff's Motion to Remand to State Court and for Attorneys' Fees (Doc. 12), Defendant

---

[1] The original filing also named ACC as a defendant because ACC was the surety for Foley. (Doc. 12 at 2.) However, the parties represented at the motion hearing that the claim against ACC has been settled and it is irrelevant to the present analysis.

3

Fidelity and Guaranty Insurance Company's Response to Plaintiff's Motion to Remand to State Court (Doc. 20), and Plaintiff, Sofran Marbella, Ltd.'s Supplemental Reply Brief (Doc. 40). On June 4, 2010 the Court heard arguments on the motion. The entire transcript of those proceedings is incorporated by reference.

## III. Discussion: Whether Removing Defendant, Fidelity, has Established that all Non-Diverse Defendants are Fraudulently Joined.

Fidelity, as the removing party, has not met its burden of establishing that each of the non-diverse defendants, Foley and Seminole, were fraudulently joined. The Court finds that this issue can be determined based solely on the joinder of defendant Foley; therefore the analysis is limited to the permissibility of joining Foley and the joinder of Seminole is not considered.

The removing defendant has the burden of establishing that removal was proper and the "district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997) (citing B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)); Williams v. CNH Am., LLC, 542 F. Supp. 2d 1261, 1264 (M.D. Ala. 2008) (noting this is a heavy burden). The Eleventh Circuit has further noted "[f]ederal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." Russell Corp. v. Am. Home Assur. Co., 264 F.3d 1040, 1050 (11th Cir. 2001) (citing Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir.1994)).

An action is removable if there is total diversity between the parties, meaning each defendant is diverse in citizenship from each plaintiff. Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1359 (11th Cir. 1996) abrogated on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000). Furthermore, removability is determined on the basis of the plaintiff's pleading at the time of the defendant's petition for removal. Id. (quoting Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983)). Thus, if the there are non-diverse parties at the time of removal the case must be sent back to state court. However, there is an exception to this rule when a party that destroys diversity is fraudulently joined. Id.

In Tapscott the Eleventh Circuit recognized three situations wherein a party is fraudulently joined: first, where there is no possibility the plaintiff can establish a cause of action against the non-diverse defendant; second, where there is outright fraud on the part of the plaintiff in joining the non-diverse party; and finally, when a non-diverse defendant is joined without meeting the joinder standard under Rule 20 of the Federal Rules of Civil Procedure. Id. at 1359-60. This third type of fraudulent joinder has been termed "fraudulent misjoinder." 14B Wright, Miller, Cooper, & Steinman, Federal Practice and Procedure: Jurisdiction § 3723 (4th ed. 2009). Each of these types is addressed in turn.

**A. There is a Possible Cause of Action Against Foley**

The Second Amended Complaint alleges that Foley, the general contractor, breached its contractual obligations by failing to complete the Project and failing to remedy the defects. (Doc. 2 ¶ 40.) Fidelity argues that since Foley has gone into bankruptcy there can be no cause of action against it. (Doc. 20 at 7-8.) However, at the motion hearing Fidelity agreed that the bankruptcy only discharged Foley's trustee, not Foley itself. Without delving into the

5

law of bankruptcy too deeply, it is not readily apparent that Sofran has lost its claim against Foley because of the bankruptcy.

Fidelity further argues that Sofran is not actually seeking to reduce its claim against Foley to judgment because Foley has filed for bankruptcy and therefore Sofran will not receive any financial reward from a judgment. (Id.) Fidelity argues, as evidence for this point, that Foley has been in default in state court for failing to appear, yet the plaintiff has not attempted to obtain default judgment. (Id. at 8) However, "Supreme Court precedent is clear that a plaintiff's motivation for joining a defendant is not important as long as the plaintiff has the intent to pursue a judgment against the defendant." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1291 (11th Cir. 1998). Sofran has represented to the Court that it does intend to seek judgment against Foley because it sees a judgment against Foley as necessary to pursue its claim against Foley's CGL carrier. This position appears consistent with Florida's nonjoinder statute, under which Sofran must reduce its claim against Foley to judgment to be able to pursue its claim against its insurer. Fla. Stat. § 627.4136 (2009). Furthermore, with a similarly situated defendant, Seminole, Sofran has moved for, and received, default judgment even though Seminole was administratively dissolved. (Doc. 12 at 2-3.) Thus, when taken in the light most favorable to the plaintiff, Fidelity has not established that Sofran has no possible cause of action against Foley nor that Sofran does not intend to reduce its claim against Foley to judgment.

## **B. There is No Allegation of Outright Fraud**

The removing party does not assert that Sofran engaged in outright fraud in joining Foley. Therefore analysis under the second prong of Tapscott is not necessary.

6

**C. Fraudulent Misjoinder has not Been Established**

The final prong of the Tapscott analysis, fraudulent misjoinder, presents a more complex evaluation. Defendants claim that Foley, the general contractor, is fraudulently misjoined with all of the insurers. To avoid fraudulent misjoinder the party seeking joinder must not run afoul of Rule 20 of the Federal Rules of Civil Procedure. Tapscott, 77 F.3d at 1360. Rule 20 states:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). However, the Tapscott court noted that a mere misjoinder under Rule 20 does not constitute fraudulent misjoinder; rather, the misjoinder must be "egregious." Tapscott, 77 F.3d at 1360. Furthermore, the Supreme Court has stated "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966). Thus, the removing party has a high burden to establish fraudulent misjoinder.

Other courts evaluating joinder of defendants under Rule 20 have found that an insurer may be properly joined with the alleged wrongdoer when the lawsuit alleges the wrongdoer caused harm allegedly covered under the policy. See John S. Clark Co. v. Travelers Indem. Co. of Ill., 359 F. Supp. 2d 429 (M.D.N.C. 2004). In John S. Clark Co., a plaintiff who was remodeling properties sued both the subcontractor and its CGL carrier; the

subcontractor was non-diverse. Id. at 431-32. The case was removed, and the defendants moved to dismiss the claim against the non-diverse defendant. Id. at 431. Analyzing joinder of the defendants under Federal Rule of Civil Procedure 20, the court found that there was not improper joinder because the claims arose out of the same transaction or occurrence and shared common questions of law or fact. Id. at 438-40. See also Hanna v. Gravett, 262 F. Supp. 2d 643, 647 (E.D. Va. 2003).

The cases Fidelity cites in support of its fraudulent misjoinder theory are distinguishable. For example, Fidelity cites to Willingham v. State Farm Ins. Co., No. 2:09-CV-59-SA-SAA, 2009 WL 2767679 (N.D. Miss. Aug. 27, 2009); however, Willingham addressed an instance wherein a home burned down and the plaintiff joined an action against the homeowner's insurer regarding coverage and the contractors employed to build the plaintiff's new home—the claims were about two different events. Willingham, No. 2:09-CV-59-SA-SAA, 2009 WL 2767679 at *1. Fidelity also cites to Savoie v. Safeco Ins. Co. of Am., No. 06-7808, 2007 WL 675304 (E.D. La. Feb. 27, 2007). In Savoie the plaintiff's home was damaged by Hurricane Katrina; the plaintiff subsequently filed a lawsuit and joined as defendants her home insurer seeking a declaration of coverage and a home improvement company that allegedly caused additional damage months after the hurricane—the insurance issues focused on damage from the hurricane, which were separate from the damages caused by the repairs. Savoie v. Safeco Ins. Co. of Am., No. 06-7808, 2007 WL 675304, at *1 (E.D. La. Feb. 27, 2007). Both of these cases are distinguishable because here the insurance policies allegedly covered activities on the Project itself and therefore joinder under Rule 20 is at least arguably proper.

It is true that Florida's nonjoinder statute, Florida Statutes § 627.4136 (2009), may inform the joinder analysis in this case. See Allstate Ins. Co. v. Stanley, 282 F. Supp. 2d 1342, 1343 (M.D. Fla. 2003). However, neither of the parties addressed how this statute affects the claims of fraudulent misjoinder;[2] moreover, whether the nonjoinder statute is applicable in these circumstances is debatable. Ultimately, defendants have failed to carry their burden of establishing that Foley cannot be joined as a defendant in the same lawsuit with the three insurers. Crowe, 113 F.3d at 1538 (citing B., Inc., 663 F.2d at 549).[3] Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Remand (Doc. 12) is **GRANTED**. The case is remanded to the Fourth Judicial Circuit, in and for Duval County, Florida. Plaintiff's request for attorney's fees is **DENIED**.

2. The pending Motion to Sever Counts IV and V (Doc. 3) and the Motion for Service by Publication (Doc. 30) should remain pending for decision in the state court.

3. The Clerk shall send a certified copy of this record to the Clerk of Court for the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida. The Clerk shall thereafter close this file.

---

[2] This statute was, however, brought to the Court's attention regarding application of 28 U.S.C. § 1332(c), which the Court does not reach in this order. (Doc. 12 at 8-9.)

[3] The Court rejects Fidelty's alternative argument that Foley and Seminole should be realigned as plaintiffs.

**DONE AND ORDERED** at Jacksonville, Florida this 1st day of July, 2010.

TIMOTHY J. CORRIGAN
United States District Judge

j.u.
Copies:

Clerk of Court for the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida
counsel of record